### JAMES H. WOODS

*v.*

### THE CITY OF CHICAGO.

*Filed at Ottawa January 22, 1891.*

1. SPECIAL ASSESSMENT—*of the ordinance—for the grading and paving of a street—as to the width of the street.* An ordinance required the grading and paving of a street which was sixty-six feet wide between given points, "excepting a space sixteen feet in width in the middle of said street." The width of the street was shown by the recorded plat thereof, and the width of the sidewalk was fixed by a prior ordinance at fourteen feet: *Held,* that the ordinance was sufficiently definite as to the width of the proposed pavement, which was the width of the street less the width of the sidewalk and the strip of sixteen feet in the middle of the street, and that it was not necessary to state the width of the street in the ordinance.

2. SAME—*sufficiency of ordinance as to quantity of materials to be used.* The statute does not require an ordinance for the improvement of a street by special assessment, to specify in detail the quantity of each article that shall be used in the construction of the work. It need not specify the number of cedar blocks or precise quantity of composition which shall be used to the square yard.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. WHITEHEAD & PICKARD, for the appellant.

Mr. F. E. HALLIGAN, Mr. WILLIAM G. DONLAN, and Mr. JONAS HUTCHINSON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Cook county, confirming a special assessment levied for the improvement of Wallace street, in the city of Chicago.

Counsel for appellant rely upon but one point to reverse the judgment,—that the ordinance is void for uncertainty in the description of the work directed to be done. Our statute provides: "Whenever such local improvements are to be made wholly or in part by special assessment, the city council * * * shall pass an ordinance to that effect, specifying therein the nature, character, location and description of such improvements." (Rev. Stat. chap. 24, art. 9, sec. 19.) The law is well settled in this State, that in the exercise of the power of special assessment on private property to raise revenue to improve a street, the statute must be observed.

It is contended, first, that the ordinance is defective in failing to specify the width of the paving, or the particular part of the street to be paved, and the same objection exists in regard to the filling; and second, that the provision in reference to flooring the surface of the pavement with paving composition, using not less than one and one-half gallons to each square yard, is not sufficiently definite.

The first section of the ordinance is as follows: "That Wallace street, from the south line of Thirty-first street to the north line of Egan avenue, be and the same is hereby ordered curbed with curb-stones, said curb-stones to be not less than four feet long and three feet deep and five inches in thickness, with top edge full and square, each stone to have a straight base the whole length and to be firmly bedded upon flat stones, each stone to be bush-hammered on the top surface and twelve inches down from the top. And that said Wallace street, from the south line of Thirty-first street to the

north line of Egan avenue, (excepting a space sixteen feet in width in the middle of said street between said points,) be and the same is hereby ordered filled to within eleven inches of the grade of the pavement, with sand, clay, earth or gravel, free from any animal or vegetable matter, well puddled and rolled with a roller not less than five tons weight, until it is firm and compact, and paved with wooden block pavement, said wooden blocks to be six inches long and from four to eight inches in diameter, cut from sound live cedar posts, said blocks to be set on end upon a flooring of two inches common hemlock plank, laid upon a bed of sand three inches deep, the space between the blocks to be filled with clear, dry lake-shore paving gravel, compactly rammed down by means of a paver's tamping-iron prepared to fit in joints, so that all parts shall be thoroughly rammed, said spaces and the surface of the pavement to be floored with a paving composition equal to Barrett & Arnold's best quality, using not less than one and one-half gallons to each square yard."

On the trial a plat was read in evidence, showing that Wallace street was sixty-six feet wide. It was also proven that when the ordinance in question was passed, there was an ordinance in force in Chicago requiring sidewalks to be fourteen feet wide on all streets sixty-six feet and under eighty feet in width. It is true that the ordinance does not, in express language, specify the width of the pavement; but if the width of the pavement can be determined without difficulty from the specifications in the ordinance, then the specifications must be regarded as sufficiently definite. The width of Wallace street is established by a recorded plat, and it is as well known as the existence of the street itself. The sidewalks on the street were not to be paved, but the street itself, leaving out the space occupied for sidewalks, which was established by the ordinances of the city. The language, then, "that said Wallace street, from the south line of Thirty-first street to the north line of Egan avenue, (excepting a space sixteen feet in width in the

middle of said street between said points,) be and the same is hereby ordered filled," would seem to leave no room for doubt in reference to the true width of the pavement ordered to be made. Deducting the space occupied by sidewalks, and deducting the sixteen feet in the center occupied by the street-car line, from the width of the street,—sixty-six feet,—the remainder is the width of the improvement ordered to be made. The same question involved here arose in *County of Adams* v. *City of Quincy*, 130 Ill. 566, and it was there held that it was not necessary, in an ordinance of this character, to state the width of the street. We think as to the width of the pavement and the filling the ordinance is sufficiently definite and specific.

As to the second objection to the ordinance, we do not regard the point well taken. The statute, it is true, requires an ordinance, where a local improvement is to be made by special assessment, to specify the nature, character, location and description of the improvement; but the statute, as we understand it, does not require the ordinance to specify, in detail, the quantity of each article that shall be used in the construction of the work. If it did, but few ordinances could be adopted that would meet the requirements of the statute, for the reason that it would in many cases be impossible to specify in an ordinance, accurately, the amount of the different kinds of material that should be used. The number of cedar blocks to be used to the square yard was not specified in the ordinance, and it has not been suggested that it was necessary to incorporate that fact in the ordinance. If not, for the same reason and upon the same principle it was not necessary to specify the precise quantity of paving composition that should be used to the square yard. The commissioners appointed to estimate the cost of the improvement would no doubt estimate the quantity of paving composition required to be used on each square yard, but we do not regard the ordinance void because it failed to specify the precise number of gallons to be used.

The judgment of the county court will be affirmed.

*Judgment affirmed.*