WILLIAM W. FOSS *et al.*

*v.*

THE CITY OF CHICAGO.*

*Opinion filed February 19, 1900—Rehearing denied April 5, 1900.*

RECORD—*copy of ordinance attached to confirmation petition is part of the record.* The statute requiring an assessment petition to recite the ordinance is complied with by attaching a copy of the ordinance to the petition and making it a part thereof, in which case it becomes a part of the record proper and is reviewable by the Supreme Court. (*Lundberg* v. *City of Chicago*, 183 Ill. 572, followed.)

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

HUFF & COOK, WM. F. CARROLL, M. F. CURE, ROGERS & MAHONEY, and F. A. WILLOUGHBY, for plaintiffs in error.

CHARLES M. WALKER, ARMAND F. TEEFY, and WM. M. PINDELL, (J. D. ADAIR, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Writs of error were sued out from this court in eighteen cases to review judgments of the county court of Cook county confirming special assessments levied to pay for improvements of streets in the city of Chicago. The assignments of error in the several cases questioned the validity of the ordinance providing for the improvements. The questions being of the same nature, the causes were on motion, by order of court, consolidated.

In the ordinances found in fifteen of the transcripts of record the description of the improvement is defective

*The following cases were consolidated with the above case and are governed by this decision: No. 1032, *Bockius* v. *City of Chicago;* 1100, *Zengeler* v. *Same;* 1101, *Pfirshing* v. *Same;* 1102, *Cameron* v. *Same;* 1103, *Schuth* v. *Same;* 1104, *French* v. *Same;* 1105, *Cruickshank* v. *Same;* 1106, *Kransz* v. *Same;* 1107, *French* v. *Same;* 1108, *Stebbings* v. *Same;* 1110, *Lubeke* v. *Same;* 1115, *Mayer* v. *Same;* 1120, *Collins* v. *Same;* 1121, *Baker* v. *Same;* 1124, *Lubeke* v. *Same;* 1123, *Cruickshank* v. *Same;* 1125, *McClintock* v. *Same.*

in the same respect as the ordinance considered in *Lusk* v. *City of Chicago*, 176 Ill. 207. In the ordinances in the three remaining transcripts the description is defective in the same particular as the one passed on in *Holden* v. *City of Chicago*, 172 Ill. 263. The brief and argument for the city of Chicago in the consolidated cause states the position of the city, as follows: "No contention is submitted in the briefs filed by counsel for plaintiffs in error in these cases other than the invalidity of the ordinance thus found in each transcript. The appellees' sole reply is, that the ordinance did not become a part of the record of the court below by being attached to the petition. Such a petition must be sustained by evidence of the passage of the ordinance recited therein, which ordinance, to be admissible in evidence, must be proven as required by law, and to be reviewable must be made a part of the record by a proper bill of exceptions."

The statute under which these proceedings were had required that the petition should recite the ordinance for the proposed improvement. If it failed to do so it would not authorize the levy of any assessment. The ordinance might be recited by repeating it in the body of the petition or by attaching a copy and making it a part thereof, and, in accordance with the usual custom, the latter method was adopted in these cases. If it could be said that the ordinance so attached was not recited as a part of the petition, the judgments could not be sustained on that ground. If considered as a compliance with the statute requiring the petition to recite the ordinance, it is a part of the petition. We regard the attaching of a copy and making it a part of the petition as a good recital, and as the petition is a part of the record, the ordinance, which is a necessary part of it, is included in the record. And we so held in *Lundborg* v. *City of Chicago*, 183 Ill. 572.

The judgments are reversed and the cause remanded.

*Reversed and remanded.*