### CHARLES R. HOLDEN *et al.*

*v.*

### THE CITY OF CHICAGO.

*Opinion filed April 17, 1900.*

This case is controlled by the decisions in *Lusk* v. *City of Chicago*, 176 Ill. 207, and *Foss* v. *City of Chicago*, 184 id. 436.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for plaintiffs in error.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for defendant in error.

Per CURIAM: This was a proceeding by special assessment to pay the cost of curbing, grading and paving Ogden avenue from Warren avenue to West Twelfth street, in the city of Chicago. Judgments of confirmation were rendered in the county court against the property of the objectors, and they sued out this writ of error to reverse the judgment, on the ground that the ordinance fails to state the nature, character, locality and description of the improvement with sufficient certainty, as required in *Lusk* v. *City of Chicago*, 176 Ill. 207.

Upon looking into the record it will be found that the ordinance in question contains the same defect which was held to be fatal in the *Lusk case,* and for the reason stated in that case the judgment will have to be reversed.

It is, however, claimed, as the record contains no bill of exceptions the ordinance is not before the court. A copy of the ordinance was attached to the petition and made a part thereof, and in *Foss* v. *City of Chicago*, 184 Ill. 436, we held that was sufficient to make the ordinance a part of the record without a bill of exceptions. That case is conclusive of the question here.

For the error indicated, the judgment as to the property of plaintiffs in error will be reversed and the cause will be remanded.                    *Reversed and remanded.*