GRIZELDA P. HOUSTON

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1901.*

1. SPECIAL ASSESSMENTS—*matters of description are certain in law if capable of ascertainment by computation.* Matters of description in a special assessment ordinance are certain in law if they may be rendered certain by simple computation from data given.

2. SAME—*requirements of confirmation petition under section 37 of the act of 1897.* Under section 37 of the Local Improvement act of 1897 a confirmation petition need only identify the ordinance by proper reference, and incorporate it, together with the recommendation of the board of local improvements, both duly certified, either by attaching them or filing the same therewith, and conclude with a prayer for the assessment in accordance with the ordinance.

3. SAME—*jury do not try the issue as to the necessity for the improvement.* On the hearing of the issue of benefits before the jury in confirmation proceedings it is proper to sustain an objection to a question calling for the opinion of the witness as to the necessity for the improvement.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

MASON BROS., (HENRY E. MASON, of counsel,) for appellant.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and DENIS E. SULLIVAN, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is a special assessment proceeding for the improvement of North Fortieth avenue, in the city of Chicago, from the north curb line of West Lake street to a

line parallel with and one hundred and sixty-two feet south of the south line of West Kinzie street, by curbing and grading the same and paving the roadway of the street between said points with vitrified brick.

On September 25, 1899, the board of local improvements submitted to the city council an estimate of the proposed improvement, and also an ordinance providing for the proposed improvement, accompanied by a recommendation that the improvement be made. This ordinance, in the first paragraph of its first section, provides: "That roadway of North Fortieth avenue, from the north curb line of West Lake street to a line parallel with and one hundred and sixty-two feet south of the south line of West Kinzie street, said roadway being thirty-eight feet in width, and also the roadways of all intersecting streets and alleys extended, from the curb line to the street line produced, on each side of said North Fortieth avenue between said points, be and the same are ordered improved," etc. But the width of the roadways of these intersecting streets and alleys is not fixed in this first paragraph, nor in the other places in this ordinance where these roadways are referred to. The ordinance provides that limestone curbs four feet long, three feet deep and five inches thick, after being dressed, etc., shall be firmly bedded on flat limestone blocks of one foot in length, eight inches in width and six inches in thickness. The ordinance was passed and the estimate approved by the council, and on November 9, 1899, the corporation counsel filed a petition in the county court of Cook county, which set out that on the 25th of September, 1899, the city council did pass an ordinance providing that North Fortieth avenue, from the north curb line of West Lake street to a line parallel with and one hundred and sixty-two feet south of the south line of Kinzie street, be curbed, graded and paved with vitrified brick. A copy of the ordinance and the recommendation of the board of local improvements, and of the estimate

of the cost of the improvement as approved by the city council, duly certified by the city clerk, was attached to and made a part of the petition, with a prayer that steps be taken to levy a special assessment for said improvement. Section 2 of the ordinance approved the recommendation of the board of local improvements and the estimate of costs by the engineer. Appellant interposed fifteen objections to the confirmation of the assessment, among which was, that the property was assessed in excess of the benefit to be derived by it. All these objections but the one last named were overruled, and a jury was empaneled and a trial had on that objection. The jury found that the cost did not exceed the benefits, and the assessment was confirmed.

Appellant relies in her brief upon five grounds of error. We will discuss and dispose of them in their order.

*First*—It is contended that the ordinance is invalid because it does not fix the width of the intersecting streets. The improvement was on Fortieth avenue, and consisted of limestone curbs to be bedded on flat limestone rocks. The street was to be paved with vitrified brick. By the ordinance the datum is fixed for the grade, and the pavement of the main roadway of Fortieth avenue was to be nineteen feet on each side of the center, making a roadway of thirty-eight feet. At the intersecting streets the curb was to turn on the curb line and run back to the street line of Fortieth avenue, and at the alleys the curb was to run to the alley line produced. Thus the alleys were to be paved the full width of the alleys from the curb line to the street line of Fortieth avenue, and the intersecting streets to be paved from the street line of Fortieth avenue out to the curb line, so that the whole of Fortieth avenue, so far as this improvement extended, was to be paved, except so much as was to be taken up by sidewalks and curb.

This same objection has been urged many times in this court. The latest case reported is *Givins* v. *City of*

*Chicago,* 188 Ill. 348. Discussing this objection, on page 355 of that Report we say: "It is also contended that the ordinance is defective in its description of the parts of streets to be improved, in this: that it does not state the width of what is called the 'wings,' at the intersections to be improved. The width of these wings would depend · on the width of the sidewalk of the intersecting street; and it is said that there is nothing in the record to show what the width of the sidewalk on any of the intersecting streets is. The sidewalks were not to be paved, and the width of the wings so to be paved is a matter of easy ascertainment, as said in *County of Adams* v. *City of Quincy,* 130 Ill. 566. See, also, *Woods* v. *City of Chicago,* 135 Ill. 582; *People* v. *Markley,* 166 id. 48." As in that case, we are of the opinion "there is no such uncertainty or indefiniteness in the description as to justify a reversal on that ground."

*Second*—"The ordinance is invalid because it does not provide for the number or quantity of flat limestone blocks upon which the curb-stones are to be bedded." We have already shown that the dimensions of the curb-stones and the flat stones are fully set forth in the ordinance, and it is a mere matter of calculation to determine the number of flat rocks of the dimensions given for the beds for this curb. The case comes fairly within the commonly accepted rule that whatever may be made certain by simple computation is certain within the meaning of the law. We hold this objection not well taken.

*Third*—"The petition is informal and does not show that the preliminary steps required by law have been taken, in that it does not affirmatively allege that the ordinance for the proposed improvement has ever been recommended to the city council of the city of Chicago for passage by the board of local improvements; that an estimate of the costs of such improvement has ever been made by the engineer of said board or that such estimate has ever been approved by said council,"—and it is  ·

insisted that these matters are jurisdictional. This is a purely statutory proceeding, and is not controlled by the ordinary rules of practice and procedure in courts. Section 37 of the act of 1897 provides: "Upon the passage of any ordinance for a local improvement pursuant thereto, it shall be the duty of the officer specified therein to file a petition in some court of record in said county, in the name of such municipality, praying that steps may be taken to levy a special assessment for the said improvement, in accordance with the provisions of the said ordinance.  *  *  *  . There shall be attached to or filed with such petition a copy of the said ordinance, certified by the clerk, under corporate seal; also a copy of the recommendation of the board of local improvements, and of the estimate of the cost, as approved by the legislative body. The failure to file any, or either of said copies, shall not affect the jurisdiction of the court to proceed in said cause, and to act upon said petition; but if it shall appear in any such cause that such copies have not been attached to or filed with said petition before the filing of the assessment roll therein, then, upon motion of any objector for that purpose, on or before appearance day in said cause, the entire petition and proceeding shall be dismissed." (Hurd's Stat. 1899, p. 369.)

As we interpret this section the petition need only identify the ordinance by proper reference, and incorporate it, together with the recommendation of the board of local improvements, both duly certified, either by attaching to or filing the same therewith, and conclude with the prayer that steps be taken to levy the special assessment for said improvement in accordance with the provisions of said ordinance. This was precisely what was done in the case at bar. Inasmuch as the ordinance and recommendation were both to be made a part of the petition by being filed with or attached to it, the legislature, in prescribing the contents of the petition, doubtless deemed it, as we do, useless to require that the various

provisions of the ordinance and various elements· of the recommendation should first be set out in the petition and then accompanied by certified copies of each. Prior to the act of 1897 the statute required that the petition should *recite* the ordinance for the proposed improvement and the report of such commission, and we held in *Foss* v. *City of Chicago,* 184 Ill. 436: "The ordinance might be recited by repeating it in the body of the petition or by attaching a copy and making it a part thereof. * * * We regard the attaching of a copy and making it a part of the petition as a good recital." We think this petition was a proper compliance with the requirements of the statute.

*Fourth*—"The witness Birkhoff should have been allowed to give his reasons why such a pavement as the proposed improvement is not necessary on Fortieth avenue." Section 49 of the act of 1879 (Hurd's Stat. 1899, p. 373,) specifically provides what shall be submitted to the jury, *i. e.:* "If it be objected on the part of any property assessed for such improvement, that it will not be benefited thereby to the amount assessed thereon, and that it is assessed more than its proportionate share of the cost of such improvement, * * * the court shall empanel a jury to try the said issue." Thus it will be seen that it is not within the province of a jury at this hearing to pass upon the necessity of the proposed improvement.

The witness Birkhoff was examined very fully as to the particular property of the appellant and all other property affected by the proposed improvement, giving its location, character, whether business or residence; the extent of settlement; the kind and cost of buildings; the extent of travel along this. street and the value of the lots. He told that he was a real estate dealer; a member of the real estate board; the length of time he was in the business and the extent of his acquaintance with the property in this neighborhood; that he had this particular property for sale; at what he was offering it; that

he had paid the taxes on it for thirty years; that in his opinion the benefits to the property would not exceed three dollars per front foot, or $75 for the lot, and that the assessment was equivalent to about seven dollars per front foot.   He was then asked:

Q. "Is there any other facts which you can take up?

A. "I can give my reasons why such pavement is not necessary on this street.

Q. "Let us have them."

This question was objected to; objection sustained, and the appellant excepted.   This was the only question to which an objection was allowed where exception was taken.   We think great liberality was allowed in the examination of this and the other witness for the objector, and that the court properly sustained the objection to this question.

*Fifth*—"The verdict was clearly against the weight of the evidence and should have been set aside."   We have carefully examined the evidence and are unable to say that the weight of it is with the appellant.   Two witnesses testified on each side.   Birkhoff and Givins, for the appellant, each testified that his estimate of the benefits was from three dollars to three dollars and a half per front foot, and Snelling and Haynes, for appellee, testified that the lots would be benefited to the extent of eight dollars per front foot, or an average of $200 for each lot, and that by the improvement their value would be increased that much.   Here was a square conflict in the testimony, which it was the peculiar province of a jury to reconcile, if they could, and if they could not, to determine where credence should be given, and we can not say the verdict is so manifestly against the weight of the evidence that we will be warranted in disturbing it.

The judgment of the county court of Cook county is affirmed.                              *Judgment affirmed.*