THE CITY OF CHICAGO

*v.*

CHARLES R. HOLDEN *et al.*

|194　213
|e212　290

*Opinion filed December 18, 1901—Rehearing denied February 7, 1902.*

SPECIAL ASSESSMENTS—*right of city to show that "flat stones" have a well defined local meaning.* If an ordinance has been held defective in not describing the stones on which the curb is to be bedded otherwise than as "flat stones," petitioner has a right, on second trial, to prove, if it can, that the term "flat stones" has such a well understood local meaning as not to be indefinite or uncertain.

WRIT OF ERROR to the County Court of Cook county; the Hon. RUSSELL P. GOODWIN, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM M. PINDELL, for plaintiff in error.

GEORGE W. WILBUR, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This writ of error was sued out by the city of Chicago to reverse a judgment of the county court sustaining objections to the confirmation of a special assessment levied to pay the cost of grading, paving and curbing Ogden avenue from Warren avenue to West Twelfth street, in said city, and dismissing the petition of the city.

This court reversed a judgment confirming said special assessment in *Holden* v. *City of Chicago*, 185 Ill. 526, and remanded the cause, stating in the opinion "that the ordinance in question contains the same defect which was held fatal in the *Lusk case.*" (*Lusk* v. *City of Chicago*, 176 Ill. 207.) When the cause again came on for trial in the county court the city offered to prove that the term "flat stones," as used in the ordinance, had a definite, well known and established meaning in the city of Chicago with reference to street improvements, but the court refused to permit the proof to be made and the question

was preserved by bill of exceptions for decision by this court. The object of the proof was to show that the term "flat stones" was not, in view of the alleged local meaning in which it is claimed to have been used in the ordinance, indefinite or uncertain as a matter of description. If proof of this character could have been produced by the petitioner it should have been received by the court, and the exclusion of it was error. *Kuester* v. *City of Chicago*, 187 Ill. 21, and cases there cited.

Because of the error mentioned, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*