CHARLES R. HOLDEN *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

SPECIAL ASSESSMENTS—*when new assessment is improvidently made.* A new assessment under sections 57 and 58 of the Local Improvement act is improvidently made where the judgment of the Supreme Court reversing the judgment refusing confirmation of the original assessment remands the cause in order to permit the city to adduce proof to cure an uncertain description in the ordinance, but the city fails to make the proof, permit the cause to be dismissed or to annul the original assessment.

APPEAL from the County Court of Cook county; the Hon. F. W. SHONKWILER, Judge, presiding.

212—19

GEORGE W. WILBUR, for appellants.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN; Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county affirming a new special assessment to pay an alleged deficiency for the paving of a part of Ogden avenue, in the city of Chicago.

The original proceedings were commenced in 1896, and the assessment therefor was thereafter confirmed as to all of the property. Subsequently writs of error were taken out as to the property involved in this proceeding, and the judgment of confirmation was set aside on the ground that the flat stones under the curb-stones were not described. (185 Ill. 526.) The cause was re-docketed, objections were filed and a trial had on May 9, 1900. The county court sustained objections and dismissed the petition. Subsequently, and at the June term, 1901, the petitioner sued out a writ of error from this court for the purpose of reviewing the judgment of the county court. The particular error relied upon was, that upon the re-docketing of the cause under the remanding order from this court, and the rehearing thereof, the city of Chicago offered to prove that the term "flat stones," as used in the ordinance, had a definite, well known and established meaning in the city of Chicago with reference to street improvements, and upon that writ this court took the view that such evidence was competent, as the ordinance was only declared defective in the matter of the insufficiency of the description of the flat stones, and that the defect might be cured by the evidence suggested, if it could be adduced, and that its exclusion was error. We reversed the judgment of the county court and remanded the cause for a new trial. (194 Ill. 213.) The remanding order was subsequently filed

in the county court and said cause was re-docketed, but was not re-tried, dismissed, or in any manner disposed of.

Appellee seems to have treated the cause under the original proceeding as disposed of, as the ordinance declares "that the Supreme Court has set aside the judgment of confirmation heretofore entered against divers tracts of land assessed in said proceeding and declared said ordinance defective," and appellee, so assuming, proceeded to levy a new assessment, as we must assume from the declaration of the ordinance, under sections 57 and 58 of the act of 1897, in relation to local improvements, as found on page 374 of Hurd's Statutes of 1899.

By section 57 it is provided: "If any assessment shall be annulled by the city council or board of trustees, or set aside by any court, a new assessment may be made," etc. And section 58 contains the following: "This provision shall only apply when the prior ordinance shall be held insufficient for the purpose of such assessment, or otherwise defective so that the collection of the assessment therein provided for becomes impossible." Unless, then, the assessment was annulled by the city council or was set aside by some court, or the ordinance held insufficient for the purpose of such prior assessment, so that the collection thereof became impossible, appellee was not authorized to make a new assessment.

The judgment of this court remanding the cause was not a final judgment disposing of the cause, or holding that the assessment was annulled or set aside, or that the ordinance was so insufficient that the collection of the assessment made under it was impossible, but, on the contrary, it was said that if the proof which it was proposed by the city to make upon the second hearing, that the term "flat stones" had a well known and commercial meaning among people engaged in the business of constructing such improvements, could be made, it was not only possible, but entirely proper, that the assessment should be sustained, and to determine that question the cause was remanded. Appellee did not see fit to

avail itself of the opportunity given it by this court to make the proof it complained it could make, nor did it suffer the lower court to dismiss the cause for want of such proof, nor was the assessment annulled by the city council, so that it would seem that the jurisdictional matters upon which, alone, such new assessment could be predicated did not exist when the new assessment now in question was levied or attempted to be levied and the ordinance therefor passed.

We think the action of the city in passing the ordinance and making the levy of the new assessment was improvidently done, and that the judgment of the county court confirming the same should be reversed.

*Judgment reversed.*