DICKEY & BAKER *et al.*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 22, 1904.*

1. JURISDICTION—*when objection is waived by appearance.* Discrepancies between the names published in the application for judgment of sale and those given in the judgment, sale and redemption record are waived by general appearance of the parties and the filing of objections calling for the exercise of jurisdiction by the court and a decision on the merits.

2. SPECIAL ASSESSMENTS—*it is not proper to enter two judgments against same lots.* After judgment of sale for a delinquent special assessment has been entered, the court is without power to enter a second judgment against the same lots, even though the first judgment is invalid because not signed by the judge, where the second judgment does not purport to be an amendment or correction of the first.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for appellants.

WM. M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBT. REDFIELD, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Cook county applied to the county court for judgment against appellants' lots and an order of sale for a delinquent special assessment. The appellants appeared and filed objections to the application, which were heard and overruled by the court. They contend that the court erred because their names as published in the notice of the application were not correct and did not correspond with the names as given in the judgment, sale and redemption record, so that the notice did not give the court jurisdiction over them. This objection was waived by the general appear-

ance entered in the case by the appellants. They filed seven objections to the application, some of which called for the exercise of jurisdiction by the court and a decision upon the merits. The entry of such an appearance gave the court jurisdiction of appellants. *Nicholos* v. *People,* 165 Ill. 502.

On August 3, 1904, the objections of appellants were overruled and judgment was entered against their lots, which were severally ordered to be sold to satisfy the amount of the assessment and costs. Upon the entry of the judgment an appeal was prayed and allowed. It is objected that said judgment was not in proper form, but we find it substantially in the form directed by section 191 of the Revenue act and sufficient in that respect. It was not signed by the judge as required by that section, and for that reason it must be reversed. The record contains another judgment entered some days after the judgment against appellants' lots, which seems to cover the whole delinquent list, including said lots. The second judgment is signed by the judge, and counsel for the appellee contend that it is a valid judgment. It is not proper to enter two judgments against the same lot for the same tax or assessment, although counsel for appellee say that such has been the practice in contested cases in the county court of Cook county. If the statements of counsel are correct, there is great laxity and confusion in keeping the records of that court. It is clear, however, that the power of the court was exhausted by the first judgment, except for the purpose of amending or correcting the judgment during the term, and the second judgment does not purport to be an amendment or correction of the first judgment. It was error to enter the second judgment. There was no error in overruling the objections, but the judgments entered are erroneous.

The judgments against appellants' lots are reversed and the cause is remanded to the county court, with directions to enter a proper judgment as directed by section 191 of the Revenue act.                        *Reversed and remanded.*