## A. B. McChesney et al.

### v.

### The City of Chicago.

*Opinion filed February 21, 1907—Rehearing denied April 10, 1907.*

1. Special assessments—*when provision that a flat assessment shall draw interest does not vitiate entire assessment.* Error in providing that a flat assessment shall draw interest does not defeat the whole assessment if the levy is explicit and there is nothing in the ordinance to show any necessity for the interest such as precludes disregarding the interest provision of the ordinance and sustaining the remainder.

2. Same—*the court may enter judgment in disregard of interest provision.* Where the void provision of an ordinance for the collection of certain interest upon a flat assessment is separable from the remainder of the ordinance, the county court has power to disregard such provision and enter a judgment confirming the assessment without providing for interest.

3. Same—*when estimate of engineer should be set out in full in the abstract.* One desiring to raise the question, on appeal, that the engineer's estimate of the cost of a proposed improvement contained illegal items should set out such estimate in full in the abstract of record, so that its various items may be examined by the court of review.

4. Same—*Local Improvement act is not unconstitutional.* The provisions of the Local Improvement act concerning notice of the proceeding for a special assessment are not unconstitutional, upon the ground that they do not provide for notice to the owners of the property assessed. (*Citizens' Savings Bank and Trust Co. v. Chicago,* 215 Ill. 174, followed.)

5. Same—*court has power, during the term, to amend judgment.* During the term at which a judgment of confirmation is entered the court has power to amend the judgment to conform to the rulings of the court by inserting an omitted provision that the assessment should not draw interest, and the effect of such amendment is not to make two judgments of confirmation.

6. Same—*what evidence prima facie removes the uncertainty of description.* Uncontradicted evidence, admitted without objection or cross-examination, that the term "city of Chicago standard," as used in the ordinance and applied therein to water supply-pipes, hydrants, valves and tees, had a well known meaning among people engaged in the construction of water supply-pipes in the city and

among all contractors engaged in that business and among the trade generally, is *prima facie* sufficient to cure the uncertainty of the term, notwithstanding the witnesses do not state what such meaning was.

Appeal from the County Court of Cook county; the Hon. G. W. Huston, Judge, presiding.

MacChesney & Bradley, and F. W. Becker, for appellants.

Chas. H. Mitchell, and John M. O'Connor, (James Hamilton Lewis, Corporation Counsel, of counsel,) for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

The city of Chicago filed its petition in the county court of Cook county for the confirmation of a special assessment to cover the cost of a water supply-pipe in Coles avenue. The objections of appellants were overruled and judgment of confirmation entered. Upon appeal to this court that judgment was reversed (213 Ill. 592,) and the cause remanded. Upon a subsequent hearing in the county court the objections were again overruled and judgment entered accordingly, to reverse which this second appeal has been prosecuted.

The assessment was payable in one payment and the ordinance provided that it should draw interest at the rate of five per cent. Upon the former appeal we held that provision of the ordinance void. The second judgment of confirmation entered by the county court provided that the assessment should not draw interest. It is insisted by the appellants that the determination of this question upon the former hearing is conclusive of the matter and *res judicata,* and it cannot again be raised. An examination of the opinion filed upon the former appeal does not sustain this con-

tention. We held that there was no statutory authority for the city council to require a single installment to bear interest, but we there said that the question of the elimination of that portion of the ordinance with reference to interest would not be considered, for the reason that there were other defects in the ordinance. We have held that an error in providing that a single installment shall draw interest does not defeat the whole assessment where the levy is explicit and there is nothing in the ordinance to show that there is any necessity for interest, such as would preclude disregarding the interest provisions of the ordinance and sustaining the remainder. (*Conway* v. *City of Chicago*, 219 Ill. 295.) In the ordinance in question we see no reason why that portion with reference to interest cannot be eliminated, provided the remainder of the ordinance is valid and legal.

It is insisted that the county court was without jurisdiction to enter that part of the judgment which provided that the assessment should not draw interest, for the reason that it was the assumption by the judiciary of legislative authority. That portion of the ordinance with reference to interest was null and void but the remainder of the ordinance was valid and complete in itself, and the court properly provided in its judgment that the installment should not draw interest. If the judgment had provided for interest it would have been void, as before held.

It is next insisted that the estimate of the cost of the improvement as made by the engineer contains improper items which cannot properly be included in a special assessment. The estimate as abstracted is not complete. It merely shows the general statement at the head and does not pretend to give the various items composing it. If appellants sought to raise any question as to the estimate it was their duty to set it out in full in their abstract, so we might examine the various items which they claim were illegal. We deem it sufficient to say that the itemized estimate as it appears in the record does not include any illegal items.

It is next insisted that the Local Improvement act is unconstitutional, in that it does not provide for notice of the proceedings to the owners of the property assessed. In the case of *Citizens' Savings Bank and Trust Co.* v. *City of Chicago,* 215 Ill. 174, we held that the act, so far as it relates to the appointment of a superintendent of special assessments and defines his duties and confers a jurisdiction on the county court and provides for notice to the property owners by mailing, posting and publication, is not unconstitutional.

It is next insisted that two judgments were entered, contrary to *Dickey* v. *People,* 213 Ill. 51, and that the last was entered without setting aside the first and without evidence being introduced to show that any error or mistake had been made in entering it. The record shows that on October 13, 1906, the court entered an order overruling the legal objections and entering judgment of confirmation. On October 18, 1906, the order from which this appeal was taken was entered, and was made for the purpose of amending the order of October 13 so that it should state that the assessment should not draw interest, which provision was omitted from the former order. There can be no question but that the court, during the term at which a judgment is rendered, has the right to amend or correct the record and make it conform to the rulings of the court.

The improvement is described in the ordinance, among other things, as a cast-iron supply-pipe of the city of Chicago standard, of a certain diameter and weight; two city of Chicago standard fire hydrants connected with the supply-pipe with iron pipe of the city of Chicago standard; one 6-inch city of Chicago valve; a cross of the city of Chicago standard and a tee of the city of Chicago standard to be placed in the water supply-pipe. When the case was before us on the former hearing we held that in the absence of evidence showing that the terms used in the ordinance had well known and well understood meanings the description was not sufficient, and that was one of the grounds upon which the former

226—16

judgment was reversed.   Upon the second hearing in the county court appellee offered evidence to the effect that the term "city of Chicago standard," as used in the ordinance, had a well known and well understood meaning among contractors and those in the habit of bidding upon city work. We have held in a great many cases that evidence of this character was competent to explain descriptive terms used in an ordinance.   *Holden* v. *City of Chicago,* 212 Ill. 289; *Chicago Union Traction Co.* v. *City of Chicago,* 223 id. 37; *Lanphere* v. *City of Chicago,* 212 id. 440; *Washburn* v. *City of Chicago,* 202 id. 210.

It is insisted, however, that while appellee made an attempt to supply this defect by showing that the term had a well known meaning, yet it failed to show what the meaning was, and that the evidence was not sufficient to comply with the rules in that regard.   A witness testified that the term "city of Chicago standard," as used in the ordinance and applied to various articles therein specified, had a well known meaning among people engaged in the construction of the water supply-pipe in the city and all contractors engaged in that business and among the trade generally.   This evidence was offered without objection or cross-examination, and appellants did not see fit to rebut or contradict it. While it might have been the better practice to have made the evidence more fully and completely show the meaning of the terms used, yet it was sufficient to make a *prima facie* explanation of any lack of description, and under the previous decisions of this court was all that was necessary to make the ordinance comply with the statute.   If the evidence was not true appellants had every opportunity to contradict it, and as they did not see fit to do so they now have no cause for complaint.

We find no reversible error, and the judgment will be affirmed.                                          *Judgment affirmed.*