CHARLES D. LUSK et. al.

v.

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898—Rehearing denied December 9, 1898.*

1. SPECIAL ASSESSMENTS—*ordinance must describe nature, locality and character of improvement.* A special assessment ordinance is invalid which fails to so specify the nature, character, locality and description of the improvement as to enable an intelligent estimate of its cost to be made.

. 2. SAME—*when ordinance for paving and curbing is invalid for insufficient description.* An ordinance for paving and curbing which describes the stones upon which the curb stones are to be bedded merely as "flat stones," without specifying their character or dimensions, is such an insufficient description of the improvement as invalidates the ordinance.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

GAGE & DEMING, CHARLES D. LUSK, and HENRY GAGE, for appellants.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of confirmation entered in the county court of Cook county April 20, 1898, confirming an assessment levied for the purpose of defraying the expenses of paving Bonney avenue, from Ogden avenue to Douglas Park boulevard. The objections to the confirmation were filed by Charles D. Lusk and Henry. H. Gage, and among others was the following: "That the ordinance providing for the making of said improvement does not specify the nature, character, locality and description of the proposed improvement." Other objections were filed, but in the view we take of the case it will only be necessary to consider this one.

176 207
178 583
176 207
179 394

176 207
f184 437
f184 455
f185 253
f185 526
f185 593
f185 628

176 207
f186 ²245

176 207
d187 ² 21
187 ² 24
187 ² 25
187 ² 27
d187 ²229
d187 ²397

176 207
f188 ²347

176 207
p189 238

176 207
f192 ²290

176 207
f193 ²325
193 ²327
193 ²369

176 207
194 ² 29
194 ²213

176 207
s211 184

Section 1 of the ordinance provides that the roadway of Bonney avenue, thirty feet in width, from the north line of Ogden avenue to the south line of Douglas Park boulevard, together with wings of all intersecting streets and alleys between the lines of said Ogden avenue projected across said intersecting streets and alleys, be improved as follows: "Curb-stones shall be set on each side of the roadway of said Bonney avenue between the roadway lines of all intersecting streets and alleys, with returns at the wings thereof to the lines of said Bonney avenue projected, the face of which curb upon Bonney avenue shall be fifteen feet from the center of the roadway. Said curb-stones to be of the best quality of limestone, to be not less than four (4) feet long, three (3) feet deep and five (5) inches in thickness, with the upper outside corner rounded to a radius of three (3) inches, each stone to have a straight base the whole length, and to be firmly bedded upon flat stones, each stone to be machine dressed and set at the established grade of said Bonney avenue between the points named."

It will be observed that the flat stones upon which the curb-stones are to be bedded are not described in the ordinance, and upon this ground it is claimed that the ordinance fails to specify sufficiently the nature, character and description of the improvement. This court has held in a number of cases that an ordinance is invalid which fails to describe the nature, character and locality of the improvement. In *Otis* v. *City of Chicago,* 161 Ill. 199, an objection like the one interposed here was made to an ordinance for the erection of lamp-posts, and in deciding the question it was said (p. 200): "An ordinance for a local improvement to be paid for by special assessment must specify the nature, character, locality and description of the improvement. The provision of the statute to this effect is mandatory. Without such specification in the ordinance the commissioners could not make an intelligent estimate of the cost of the improvement. An ordinance which does

not specify the nature, character, locality and description of the improvement is without authority of law, and therefore invalid. (*City of Kankakee* v. *Potter*, 119 Ill. 324; *Levy* v. *City of Chicago*, 113 id. 650; *City of Sterling* v. *Galt*, 117 id. 11.) It is evident that the present ordinance does not meet the requirement of the statute. It does not state whether the lamp-posts are to be of wood or iron, or for light with oil or gas or electricity." In *Cass* v. *People*, 166 Ill. 126, a similar question was raised and the ordinance held invalid. It is there said (p. 127): "The ordinance here is of a precisely similar character," (referring to the ordinance in the *Otis case, supra.*) "It directs that a water service-pipe be laid from each of the lots, but does not specify whether these pipes are to be of wood or iron or tile, nor in any way indicate their size or dimensions. It is evident that no intelligent estimate can be made of their cost from the description in the ordinance."

It is not mentioned in the ordinance here what kind of stones the flat stones shall be upon which the curb-stones are to be bedded. Whether they are to be granite, sandstone, limestone or of some other quality is not disclosed by the ordinance, nor is there any specification of the size or shape, except that they are to be flat and machine dressed. No intelligent estimate could be made by the commissioners of the cost of the stones unless the length, width, thickness and kind or quality were disclosed by the ordinance. As to the curb-stones, the ordinance provides that they shall be of the best quality of limestone, to be not less than four feet long, three feet deep and five inches in thickness, but as to the flat stones nothing is said in regard to their nature or character.

We think the ordinance is invalid, and the court erred in confirming the assessment. The judgment of confirmation as to the property of appellants will be reversed and the cause will be remanded.     *Reversed and remanded.*