JAMES A. DAVIDSON *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 22, 1899—Rehearing denied April 7, 1899.*

1. SPECIAL ASSESSMENTS—*paving ordinance should describe stones used for bedding curb-stones.* A paving ordinance which merely describes the stones used for bedding the curb-stones as "flat stones" is invalid for insufficient description of the improvement. (*Lusk* v. *City of Chicago,* 176 Ill. 207, followed.)

2. APPEALS AND ERRORS—*when general objection will support specific objection on appeal.* A general objection at confirmation that the ordinance is invalid for failure to "specify the nature, character, locality and description" of the improvement will support an objection, on appeal, that the stones on which the curb was to be bedded were insufficiently described, where the city made no effort to have the objections specified, and the record does not show that the specific objection was not made under the general one.

WRIT OF ERROR to the County Court of Cook county; the Hon. RICHARD YATES, Judge, presiding.

WILLIAM F. CARROLL, and JESSE A. & HENRY BALD-WIN, for plaintiffs in error.

CHARLES S. THORNTON, Corporation Counsel, JOHN A. MAY, and ARMAND F. TEEFY, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error to bring in review the judgment of the county court of Cook county confirming a special assessment levied by virtue of an ordinance of the city council of the city of Chicago adopted on the 29th day of June, 1896, providing that Spaulding avenue, from West Madison street to Jackson boulevard, should be curbed, graded and paved and the cost thereof paid by special assessment. The ordinance required the roadway of the street should be curbed with curb-stones four feet in length, three feet in depth and five inches in thickness, and that each of such curb-stones should "be firmly bedded upon flat stones." The ordinance contained no other or further description of the flat stones upon which the curb-stones were to rest. In *Lusk* v. *City of Chicago*, 176 Ill. 207, an ordinance containing this identical provision with reference to the stones upon which curb-stones were to be bedded was held, for that reason, to be invalid. We there said: "It is not mentioned in the ordinance here what kind of stones the flat stones shall be upon which the curb-stones are to be bedded. Whether they are to be granite, sandstone, limestone or of some other quality is not disclosed by the ordinance, nor is there any specification of the size or shape, except that they are to be flat and machine dressed. No intelligent estimate could be made by the commissioners of the cost of the stones unless the length, width, thickness and kind or quality were disclosed by the ordinance." Upon the authority of

that decision we must hold the ordinance under consideration to be insufficient.

It is urged in behalf of the city that certain of the plaintiffs in error entered personal appearance in the proceeding in the county court and filed objections to the ordinance, and did not, nor did any of them, specify the insufficiency of the description of these flat stones as a ground of objection, and it is insisted that as to such plaintiffs in error the objections cannot be urged for the first time in this court. It was objected in the county court by the plaintiffs in error referred to, that "the ordinance did not specify the nature, character, locality and description of the proposed improvement." The county court, had it been asked to do so by the city, should have required the objectors to so frame their objections as to disclose particular and specific grounds of objection to the sufficiency of the description of the improvement. But counsel for the city did not deem it necessary to invoke the aid of the court. The particular deficiency in description here brought to our notice is comprehended within the general terms of the objection preferred in the county court, and it does not appear from the record but that it was presented to the trial court under the general objection there made. We cannot say it is presented for the first time in this court. In the absence of any effort upon the part of the city to obtain a more definite and particular statement of the objection we can but regard the general objection as sufficient.

Plaintiffs in error urge the ordinance is in other respects invalid, but we need not refer to such other objections.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*