HENRY H. GAGE

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 17, 1899.*

SPECIAL ASSESSMENTS—*when paving ordinance is insufficient in description.* A paving ordinance which describes the stones upon which the curb-stones are to be bedded as "flat stones," without specifying their length, width, thickness or quality, is insufficient to permit an estimate of their cost. (*Lusk* v. *City of Chicago,* 176 Ill. 207, followed.)

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

GAGE & DEMING, for appellant.

CHARLES S. THORNTON, Corporation Counsel, JOHN A. MAY, and ARMAND F. TEEFY, for appellee:

An ordinance for a special assessment need not set forth the details and all the particulars of the work. A substantial compliance with the statute is all that is required. *Delamater* v. *Chicago*, 158 Ill. 575; *Vane* v. *Evanston*, 150 id. 616; *Kankakee* v. *Potter*, 119 id. 324; *Pearce* v. *Hyde Park*, 126 id. 287; *Adams County* v. *Quincy*, 130 id. 566; *Woods* v. *Chicago*, 135 id. 582; *Kimble* v. *Peoria*, 140 id. 157.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a special assessment proceeding for the curbing, filling and paving of Turner avenue in the city of Chicago from the south curb line of Jackson boulevard to the north line of West VanBuren street, said roadway being thirty feet in width. The petition was filed in the county court December 19, 1895, and to it were attached a certified copy of the ordinance, and the estimate of the cost of the proposed improvement, and the order of approval thereof by the city council. The ordinance was passed on November 11, 1895. Commissioners were appointed to make an estimate of the cost of the improvement, who made their report to the council. The assessment roll was filed in the county court on January 3, 1896, and appellant appeared and filed his objections to the confirmation of the assessment. The case came on for hearing on May 15, 1898, before the court without a jury. The objections were all overruled, and judgment was entered confirming the assessment. The present appeal is prosecuted from such judgment of confirmation.

One of the objections, made by the appellant to the confirmation of the assessment, is that the ordinance

authorizing the improvement did not specify the nature, character, locality and description of the proposed improvement. It is unnecessary to notice any of the other objections filed in view of what is hereafter said.

Section 1 of the ordinance provided, that the roadway of Turner avenue from the south curb line of Jackson boulevard to the north line of West VanBuren street in Chicago should be curbed with the best quality of limestone curb-stones, said curb-stones to be four feet long, three feet deep and five inches in thickness, with the top edge full and square. The ordinance proceeds as follows: "Each curb-stone to have a straight base the whole length, and to be firmly bedded upon flat stones, each curb-stone to be bush hammered on the top surface and for a space of twelve inches down from the top."

The objection is that the flat stones, upon which the curb-stones are to be bedded, are not described in the ordinance. The ordinance does not mention what kind of stones the flat stones are to be, whether granite, sandstone, limestone or of some other quality; nor is there any specification of their size or shape, except that they are to be flat. It is evident, that "no intelligent estimate could be made by the commissioners of the cost of the stones, unless the length, width, thickness and kind or quality were disclosed by the ordinance." (*Lusk* v. *City of Chicago*, 176 Ill. 207).

In *Lusk* v. *City of Chicago, supra*, the precise objection here made was sustained as valid. Therefore, for the reasons stated in the opinion in that case, the objection should have been sustained by the court below; and, for the failure to sustain it, the judgment of confirmation must be reversed.

Accordingly, the judgment of the county court is reversed and the cause is remanded to that court for further proceedings in accordance with the view herein expressed.                    *Reversed and remanded.*