LOUIS T. KUESTER *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 19, 1900.*

SPECIAL ASSESSMENTS—*admission of extrinsic evidence not presumed in case of judgment by default.* If a confirmation judgment is entered by default, without any hearing of objections or upon any issue in the case, it must be presumed, on appeal, in the absence of a bill of exceptions, that the trial court held the ordinance to be sufficient on its face, and not that extrinsic evidence was heard to cure a defective description by showing that the terms used had a well known and established local meaning.

MAGRUDER, J., does not concur in reasoning of opinion.

WRIT OF ERROR to the County Court of Cook county; the Hon. RICHARD YATES, Judge, presiding.

WILLIAM F. CARROLL, and M. F. CURE, for plaintiffs in error.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This writ of error was sued out to reverse a judgment by default, confirming a special assessment levied to curb, fill and pave certain streets in the city of Chicago.

The ordinance provided that the curb-stones should be firmly bedded on *flat stones.* The flat stones were not otherwise described in the ordinance. We have held in numerous cases that such an ordinance is defective because of the insufficiency of the description of the stones upon which the curb-stones are to be bedded. See *Lusk* v. *City of Chicago*, 176 Ill. 207, *Foss* v. *City of Chicago*, 184 id. 436, and other cases.

It is urged, however, that as there is no bill of exceptions in this case it will be presumed, in support of the

judgment, that the court heard any and all admissible evidence explanatory of the term "flat stones," and that it thus appeared to the court that that term had acquired a local and well known meaning among those engaged in making improvements of such a character; that the descriptive term employed was used in the ordinance in this local and well known sense, and that therefore the apparent defect on the face of the ordinance was cured. We have held in several cases that where it is proved that the descriptive term used in the ordinance has a well known and established meaning the apparent defect in description will be removed. (*Shannon* v. *Village of Hinsdale*, 180 Ill. 202; *Levy* v. *City of Chicago*, 113 id. 650; *City of Danville* v. *McAdams,* 153 id. 216; *Village of Hinsdale* v. *Shannon*, 182 id. 312; *Latham* v. *Village of Wilmette*, 168 id. 153.) Thus, in the *Levy case* we held that where it appeared that the word "filling" had a definite and well known meaning in Chicago in reference to street improvements, it would "be presumed that the framers of the ordinance, in the use of the word, intended that it should be expounded and received in the sense it was generally understood in that locality." And it was there further said: "If, then, the ordinance had a well known meaning in Chicago, where the improvement was to be made, the ordinance cannot be regarded as indefinite or uncertain." We have no doubt of the correctness of that decision.

It appeared, however, in that case and in others, that under objections filed to the confirmation, evidence was heard explaining those words and terms, which, without such evidence and according to their commonly accepted meaning, left the ordinance defective for lack of certainty of description of the improvement. There is no such evidence in the record in the case at bar, but it is said we must presume, in the absence of a bill of exceptions, as this is a case at law, that such evidence was heard by the trial court, else that court would not have rendered the judgment. The rule at common law is well understood,

but if that rule be applied to this statutory proceeding, still we are of the opinion that such a presumption can not be indulged upon this record. The judgment was by default, without any hearing of objections or upon any issue in the case. The assessment was confirmed upon default of the property owners, as provided by section 30 of article 9 of the act for the incorporation of cities and villages, and the presumptions arising from the recitals · in the record are that the ordinance and proceedings were held sufficient by the court below on their face, and not that they were found sufficient after the hearing of extrinsic evidence. Without evidence it would be presumed that the words "flat stones" were used in their general and commonly accepted sense, and not according to some local or technical meaning.

The judgment is erroneous on its face, and the proceedings are insufficient to support the judgment. Such insufficiency may be taken advantage of on writ of error. *Clark* v. *City of Chicago*, 155 Ill. 223.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views we have expressed.                    *Reversed and remanded.*

Mr. JUSTICE MAGRUDER, dissenting:

I concur in the conclusion reached by the foregoing opinion, but not in the reasoning by which that conclusion is supported.

The ordinance in this case was passed on the 6th day of January, 1896, by the city council of Chicago. The commissioners, appointed by the council to estimate the cost of the improvement, made an estimate, which was approved on January 13, 1896. Section 1 of the ordinance provides: "That the roadway (of the respective streets) be and the same are hereby ordered curbed with the best quality of limestone curb-stones, said curb-stones to be four feet long, three feet deep and five inches in thickness, with the top edge full and square. Each curb-stone

to have a straight base the whole length and to be firmly bedded upon flat stones."

Section 1 of the ordinance, which is involved here, is the same as section 1 of the ordinance, which came under the consideration of this court in *Lusk* v. *City of Chicago*, 176 Ill. 207. We there said: "It is not mentioned in the ordinance here what kind of stones the flat stones shall be upon which the curb-stones are to be bedded. Whether they are to be granite, sandstone, limestone or of some other quality is not disclosed by the ordinance, nor is there any specification of the size or shape, except that they are to be flat and machine dressed. No intelligent estimate could be made by the commissioners of the cost of the stones unless the length, width, thickness and kind or quality were disclosed by the ordinance. As to the curb-stones, the ordinance provides that they shall be of the best quality of limestone, to be not less than four feet long, three feet deep and five inches in thickness, but as to the flat stones, nothing is said in regard to their nature or character." The case of *Lusk* v. *City of Chicago, supra,* was brought to this court by appeal on the part of the property owners from a judgment of confirmation.

In *Davidson* v. *City of Chicago*, 178 Ill. 582, the ordinance involved was similar to the one under review in *Lusk* v. *City of Chicago, supra;* it required the roadway of the street to be curbed with curbing-stones four feet in length, three feet in depth and five inches in thickness, and that each of such curb-stones shall "be firmly bedded upon flat stones;" it contained no other or further description of the flat stones, upon which the curb-stones were to rest. In *Davidson* v. *City of Chicago, supra,* we quoted the foregoing extract, except the last sentence, with approval, and said: "Upon the authority of that decision, we must hold the ordinance under consideration to be insufficient." The case of *Davidson* v. *City of Chicago, supra,* was brought to this court by writ of error, sued out from this court to

bring in review a judgment of the county court of Cook county, confirming a special assessment.

As the ordinance, in the case at bar, is substantially the same as the ordinances held to be invalid in *Lusk* v. *City of Chicago, supra,* and *Davidson* v. *City of Chicago, supra,* the decisions in the two latter cases are decisive of the controversy in this case. The ordinance here, the first section of which has been quoted above, is invalid for the reasons set forth in the two cases above referred to.

Counsel for the defendant in error seek to draw a distinction between the case at bar and the *Lusk case,* upon the ground that, in the latter case, a bill of exceptions was presented, and it was thereby shown, that no evidence was introduced at the trial to prove that the term "flat stones" had a settled and well known meaning, when used in connection with the improvement of streets, whereas, as it is claimed, no bill of exceptions was presented in the case at bar, and, therefore, the court must presume that proper evidence was introduced at the trial below to cure the alleged defect in the ordinance. In other words, counsel for defendant in error assume that the defect in the ordinance, as above stated, could have been cured at the trial by the introduction of evidence, and that, in the absence of a bill of exceptions, this court must presume such evidence to have been introduced.

Section 134 of chapter 24 of the Revised Statutes of 1874 provides as follows: "Whenever such local improvements are to be made wholly or in part by special assessment, the said council in cities, or board of trustees in villages, shall pass an ordinance to that effect, specifying therein the nature, character, locality and description of such improvement." By an act approved June 17, 1887, said section 134, which is section 19 of article 9 of the City and Village act of 1872, was amended by adding to the portion thereof above quoted the following words: "Either by setting forth the same in the ordinance itself

or by reference to maps, plats, plans, profiles or specifications thereof on file in the office of the proper clerk, or both." The statute as originally passed and as subsequently amended thus required that the nature, character, locality, and description of the improvement should be set forth in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications thereof on file in the office of the proper clerk. The language of the statute excluded the right to make any specification of the nature, character and description of the improvement by the introduction of oral testimony; it required that the ordinance should be sufficient in itself, either upon its face or by the reference therein required, without any reliance upon outside testimony. (*City of Alton* v. *Middleton's Heirs*, 158 Ill. 442).

In the case at bar, the ordinance, as has already been stated, was passed in January, 1896, and the petition for assessment of the cost of the improvement was filed in January, 1896. When the ordinance here was passed, and the petition in this case was filed, the act of 1874 as so amended was in force, and, therefore, the ordinance itself should have specified the nature and character of the stones therein referred to. Not having contained such specification, the ordinance was invalid, and this court cannot presume, even in the absence of a bill of exceptions, that any oral evidence was introduced to cure the defect, because such oral evidence would have been improper under the statute as it then existed. An ordinance which is invalid is void, and not merely defective or insufficient. (See definition of "invalid" in Webster's Dictionary; 11 Am. & Eng. Ency. of Law, p. 780; *State* v. *Casteel*, 110 Ind. 174).

Section 8 of the act of June 14, 1897, "concerning local improvements," provides that the ordinance to be drafted and recommended by the board of public works "shall prescribe the nature, character, locality and description of such improvement," and although it does not contain

the words in the amendatory act of 1887, which require the nature, character, locality, and description of the improvement to be set forth by reference to the documents therein referred to, yet its language is such as to exclude the idea that parol testimony can be introduced to explain or qualify the terms of an ordinance. Oral testimony cannot be introduced to show the size or shape or dimensions, as to length, width, and thickness, of the flat stones referred to in the ordinance. The *Lusk case* and the *Davidson case* and the case of *Gage* v. *City of Chicago*, 179 Ill. 392, condemn the ordinances in those cases, not only because they did not specify the size, shape or dimensions of the flat stones, but because they did not specify what kind of stones the flat stones were to be, whether granite, sandstone, limestone or of some other quality, so that oral testimony as to the kind of stones the flat stones were to be must also be excluded. There may be one or two cases reported where the facts show that such testimony was received, but in those cases it will appear, upon examination, that no objection was made by either side to the introduction of the oral testimony offered to explain the terms used in the ordinances, and that the attention of the court was not called to the question of the admissibility of such testimony.

I think that the cases of *Lusk* v. *City of Chicago, supra,* and *Davidson* v. *City of Chicago, supra,* and *Gage* v. *City of Chicago, supra,* were correctly decided, and that the doctrine announced in those cases is decisive of the case at bar; therefore, that the ordinance here involved is invalid, even upon a record without a bill of exceptions, such as is here presented; and that, such ordinance being invalid, is necessarily void.