THE CITY OF CHICAGO

*v.*

F. L. SHERMAN *et al.*

*Opinion filed October 24, 1901—Rehearing denied December 5, 1901.*

SPECIAL ASSESSMENTS—*when testimony offered to cure an insufficient description is properly rejected.* Where a special assessment ordinance has been held insufficient for failure to specify the height of the curb, the city, upon a second trial, has a right to show, if it can, that the descriptive terms used in the ordinance had such a well known meaning that the omitted specification was in fact included in the description given; but testimony that the mere descriptive words "granite concrete combined curb and gutter" would, in the opinion of the witness, give a correct idea as to its size and the cost to contractors, is properly rejected.

MAGRUDER, J., dissenting.

WRIT OF ERROR to the County Court of Cook county; the Hon. E. B. GOWER, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM M. PINDELL, for plaintiff in error.

GEORGE W. WILBUR, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county entered a judgment confirming a special assessment against the property of defendants in error to pay the cost of paving Hamlin avenue from West Chicago avenue to North avenue, in

the city of Chicago. Upon a writ of error from this court we reversed the judgment so far as it concerned said property, and remanded the cause to the county court for such other and further proceedings as to law and justice should appertain. *Lingle* v. *City of Chicago,* 178 Ill. 628.

The ordinance provided that the roadway of Hamlin avenue between said points should be curbed with a concrete combined curb and gutter set on either side of the roadway which was to be paved, to conform to the established grade of said avenue as fixed by an ordinance. The ordinance specified that the combined curb and gutter should be laid in alternate blocks six feet in length and six inches in thickness throughout; that the gutter-flags should be eighteen inches in width and laid to a pitch corresponding to the angle toward the crown of the street, and that the surface corner of the curb should be rounded to an inch and a half radius. There was nothing in the ordinance from which the depth of the gutter and corresponding height of the curb could be ascertained. Any height would have satisfied the conditions of the ordinance, and, following the decision in *Holden* v. *City of Chicago,* 172 Ill. 263, it was held that the description was insufficient to sustain the judgment. Our mandate was filed in the county court and the case was re-tried, the objections sustained and the petition dismissed as to defendants in error.

At the second trial petitioner offered in evidence the ordinance providing for the improvement which we had held insufficient, and an objection to the ordinance was sustained and it was excluded. Petitioner thereupon called a witness who testified that he was a civil engineer; that he had been concerned with street improvements in Chicago for about five years and was familiar with terms used in ordinances applicable to paving streets, and that he knew what a "granite concrete combined curb and gutter" meant. He was then asked whether that description had a well-known meaning

among contractors and persons connected with the paving of streets in the city of Chicago, and whether it conveyed to them a correct idea as to size and cost. An objection to the question was sustained and no further evidence was offered.

Petitioner had a right to another trial in pursuance of the mandate, and to remove, if it could, the objection for which the judgment had been reversed. (*City of Paxton* v. *Bogardus*, 188 Ill. 72.) It also had a right to show that any descriptive term used in the ordinance had a precise, well-known and established meaning in the paving and curbing of streets, so that the height of the curb was in fact included in the description given. (*Kuester* v. *City of Chicago*, 187 Ill. 21.) There was no attempt by the question asked to show that fact. If a granite concrete combined curb and gutter always means a gutter of certain dimensions and of certain height, petitioner was entitled to prove it, but it made no attempt to show any such fact. Apparently, petitioner did not understand that such a curb and gutter was always of the same dimensions, since the ordinance specified the width and thickness of the gutter-flags, the thickness of the curb and the length of the blocks, while it omitted all reference to height. There was no attempt to show that where these things were specified and a material specification was omitted, the omitted specification could be determined on account of some well-known and established meaning of the descriptive term used. The proposal was to show that the mere words "concrete combined curb and gutter" would, in the opinion of the witness, convey a correct idea as to size and cost to contractors and persons connected with the paving of streets in the city of Chicago. The court was right in ruling on the evidence and in excluding the ordinance.

The judgment of the county court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.