JOHN T. KELLY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 18, 1901.*

SPECIAL ASSESSMENTS—*absence of bill of exceptions does not justify presumption that uncertainty of ordinance was removed by proof.* The absence of a bill of exceptions does not justify the sustaining of an ordinance invalid for failure to describe "flat stones," upon the ground that it must be presumed, in such case, that proof was heard to remove the uncertainty and that it was taken into consideration upon confirmation.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM F. CARROLL, for plaintiffs in error.

CHARLES M. WALKER, Corporation Counsel, DENIS E. SULLIVAN, and WILLIAM M. PINDELL, for defendant in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is a writ of error to reverse a judgment confirming a special assessment levied to curb, grade, and pave with cedar blocks, Sixty-ninth street, from South Chicago avenue to Cottage Grove avenue, and other streets in the city of Chicago.

The ordinance provides for a stone curb, to be of the best quality of Berea sandstone; the stones to be four feet long, three feet deep and five inches in thickness, with top edge full and square; each curb-stone to have a straight base the whole length, and "to be firmly bedded upon flat stones." The "flat stones" were not otherwise described in the ordinance.

The plaintiffs in error filed objections to the confirmation of the assessment, assigning twenty-seven specific objections thereto. The fifth objection is as follows: "The ordinance authorizing said improvement does not

specify the nature, character, locality and description of the proposed improvements." And the sixth is: "Said ordinance is void for uncertainty, insufficiency and informality."

In the case of some of the objectors a jury was empaneled upon the question of the extent of benefits, and the cause tried upon that question. In some of the cases the assessment was reduced, and in others it was confirmed as made.

The errors assigned are, first, that the court was without jurisdiction; and second, that the ordinance was insufficient, in that the quality, number, location and dimensions of the flat stones described in the ordinance are not specified, and there is no basis or data from which the commissioners could make an intelligent estimate of the cost of the proposed improvement. The second error is the only one insisted upon or discussed in the brief, and the one to which we will confine our consideration.

The ordinance in question is, so far as we can see, precisely like a number of other ordinances that have been before this court and which have been by us held defective because of the insufficiency of the description of the flat stones. *Lusk* v. *City of Chicago*, 176 Ill. 207; *Foss* v. *City of Chicago*, 184 id. 436; *Kuester* v. *City of Chicago*, 187 id. 21.

In this case there is no bill of exceptions, and we are therefore unable to know what evidence was adduced on the hearing. The plaintiffs in error insist that the cases above cited are controlling, and that this judgment should be reversed. Defendant in error urges that as there is no bill of exceptions in the case the presumption of the court will be that the trial court heard all evidence that was proper to be heard and necessary to have sustained the judgment, and further insists that in view of our holding in the cases of *Kelly* v. *City of Chicago*, 148 Ill. 90, *Delamater* v. *City of Chicago*, 158 id. 575, and *Bass* v. *People*, 159 id. 207, we are committed to the proposition that the pre-

sumption of the correctness and regularity of this proceeding will obtain until error is shown by the record. It further insists, in this case the ordinance is such and the deficiencies complained of are of such a character that they could be cured by proof *aliunde*, showing that the expression "bedded upon flat stones," in an ordinance such as this, has a well known meaning among contractors and constructors of such works in the city of Chicago, and that such contractors, in bidding upon such work, would uniformly understand the size, character and number of flat stones necessary for the proposed work; that the testimony was competent, and the presumption is that it was heard and taken into consideration upon the confirmation. In support of this contention it cites *Levy* v. *City of Chicago*, 113 Ill. 650, *Jacksonville Railway Co.* v. *City of Jacksonville*, 114 id. 562, *Latham* v. *Village of Wilmette*, 168 id. 153, and *Shannon* v. *Village of Hinsdale*, 180 id. 202.

In the *Levy case, supra,* the ordinance, among other things, required a certain street to be "filled and graded," and the objection was, that the term "filled," not specifying the character of material with which it was to be filled and other matters relating to the filling, was too indefinite, and that the ordinance, for that reason, was insufficient. A civil engineer testified that it had a well known meaning among contractors, and told what it was. This court affirmed the judgment, and said: "If, then, the word, as used in the ordinance, had a well known meaning in Chicago, where the improvement was to be made, the ordinance cannot be regarded as indefinite or uncertain." In the case of *Jacksonville Railway Co.* v. *City of Jacksonville, supra,* we held that an ordinance requiring that the foundation of certain pavements should consist of sand, gravel, cinders and other like material was sufficiently definite. In *Shannon* v. *Village of Hinsdale, supra,* we held the failure of an ordinance for stone cross-walks to specify the kind of stone was not fatal to confirma-

tion, where it was proved by uncontradicted evidence that among inhabitants, contractors and builders of the municipality the word "stone" had a well understood and established meaning, and that it meant "limestone." In the case of *Lusk* v. *City of Chicago, supra*, there was a bill of exceptions, but we held that there was no evidence introduced at the trial of the cause to show that the term "flat stones" had a settled and well known meaning when used in connection with the improvement of streets.

The case of *Kuester* v. *City of Chicago, supra*, is in some respects like this case. It was brought up on error, and there was no bill of exceptions. The ordinance was the same as this, and the court was urged to indulge the presumption that sufficient evidence had been heard by the court to cure the defect. But the record showed, in that case, no objections had been filed, and the case was heard upon default, and we held that we would not be warranted in presuming that any evidence had been heard upon a question that was not raised by objection or otherwise in the court below. In this case, however, the question is squarely presented. The record does show a trial upon exceptions that necessarily involved the defect complained of.

We are urged by defendant in error to re-consider and recede from our holding in *Lusk* v. *City of Chicago*, and other cases following it, in the interests of the public, the bondholders and contractors. We are obliged, however, to take notice of the fact that this is a statutory proceeding, by which it is required that the ordinance "shall prescribe the nature, character, locality and description of such improvement." In the case of *Lusk* v. *City of Chicago*, and other cases cited *supra*, we have held that this ordinance was insufficient upon its face, and we do not now feel at liberty, in order to sustain this judgment, to act upon the presumption that oral or other evidence was introduced to cure its defect, in the absence of anything showing the contrary. In considering this

class of cases, which relate to powers exclusively statutory, we cannot consider the public interest greater than the interests of the property holders to be affected by the proposed assessments. The public ends are best effectuated and private interests best conserved by requiring a compliance with the statute in the exercise of such powers.

Regarding this ordinance insufficient, as we have heretofore held it, and finding nothing in the record to cure the defect, the several judgments of the county court of Cook county are reversed and the cause is remanded.

*Reversed and remanded.*