CHARLES D. LUSK *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 23, 1904—Rehearing denied October 15, 1904.*

1. RES JUDICATA—*when questions are res judicata though not presented.* When litigation is prosecuted to an appellate tribunal and passed upon, all questions relating to the same subject matter which were open to consideration and could have been presented are *res judicata*, whether they were presented or not.

2. SAME—*all objections to an ordinance must be raised on first appeal.* Upon reversal of a judgment of confirmation upon the ground of insufficient description of the improvement, new objections which existed when the assessment was confirmed cannot be urged to the validity of the ordinance when the cause is re-docketed, nothing having been done in the meantime to call for new objections.

3. SAME—*when dismissal of petition is not a bar.* Dismissal of a petition for a new assessment upon the ground that it was brought under the wrong statute does not bar a subsequent petition under the statute authorizing its presentation.

4. SPECIAL ASSESSMENTS—*when appointment of commissioners is unnecessary.* Appointment of commissioners to estimate the deficit is not necessary in a proceeding to levy a supplemental assessment under the City and Village act of 1872, where the work is completed and accepted, bonds and vouchers issued in payment, and amount of the deficit is a mere matter of computation.

APPEAL from the County Court of Cook county; the Hon. F. W. SHONKWILER, Judge, presiding.

F. W. BECKER, for appellants.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of confirmation entered by the county court of Cook county in a proceeding brought by the city of Chicago to pay the unpaid balance of the cost of improving Bonney avenue from Ogden avenue to Douglas boulevard.

This case is known as the original "flat-stone" case, being the first of many cases passed upon by this court where it was held that an ordinance for paving and curbing a street, which merely stated that the curb-stones of the street about to be paved should be bedded on flat stones, without giving the dimensions of the flat stones or other details by which the size and number of such stones could be determined, was not a compliance with the statutory requirement that the ordinance should describe the "nature and character" of the improvement. (176 Ill. 207.) For this defect in the ordinance, on the objection and appeal of the present appellants, the case was reversed and the cause remanded. When the case was re-docketed in the county court, appellants, by leave of court, filed additional objections, *inter alia*, that the original ordinance was void as tending to create a monopoly in the provision relating to the character of the cementing material or asphaltum to be used, to-wit, "a paving cement prepared from pure Trinidad asphaltum, obtained from the pitch or asphaltum lake in the island of Trinidad." A hearing was had upon the objections, and evidence was introduced by appellants that the said

Pitch Lake, in the island of Trinidad, referred to in said ordinance, was, when said ordinance was passed and at the time of said hearing, a private property and under the absolute control of the Barber Asphalt Company, a private corporation having its principal office in the city of Chicago; that there were at least five other corporations having offices in the city of Chicago engaged in the business of selling, for street paving, asphaltum procured in the island of Trinidad and elsewhere, but not from Pitch Lake, in said island, which asphaltum was the equal, for street paving purposes, of the asphaltum obtained from said Pitch Lake, and that all of said companies and the Barber company were competitors in the business of supplying asphaltum for paving purposes in Chicago. These objections were sustained and the petition dismissed, and no appeal from the order dismissing the petition was prosecuted by the city.

On December 24, 1901, a petition for a new assessment to pay the unpaid balance of the cost of said improvement, based on a new ordinance passed December 16, 1901, to cover said deficiency, was filed. Appellants filed objections to that proceeding that the original proceedings were pending when the act of 1897, in relation to local improvements, went into effect, and therefore the new assessment proceeding should have been instituted and carried on under the act of 1872 instead of the act of 1897, under which said proceeding was instituted and carried on, and the further objection that the original ordinance was void because it tended to create a monopoly in the clause relating to asphalt from Pitch Lake, in the island of Trinidad. Upon the hearing, evidence in support of these objections was introduced, and the court, after hearing the cause, entered an order sustaining the objections and dismissing the petition. This latter order was not appealed from.

On September 22, 1903, the city filed another petition (the one now involved) for a new assessment to pay the

unpaid balance of the cost of said improvement, based on a new ordinance passed July 20, 1903. This latter ordinance recited the passage of said original ordinance on the 6th day of February, 1903; the estimated cost of said improvement ($39,737.47); the entry of the judgment of confirmation by the lower court; the fact that a contract was duly let for the making of the said improvement and that the contractor duly executed the same, and that the work of constructing and making said improvement was done in good faith and was in compliance with the said ordinance and contract, and was thereafter duly accepted by the city of Chicago; the actual cost of the improvement ($39,620.72), exclusive of the cost of the former assessment proceeding; the issuance of interest-bearing vouchers and improvement bonds to the contractor in payment for the said work; the order of reversal entered by this court; the filing of the supplemental petition on the 21st of September, 1901, and the order of court dismissing the same because not brought under the act of 1872; the fact that certain property owners had already paid all or part of their respective assessments, and that it is just and equitable that a new assessment should be levied for the unpaid balance of the cost of said improvement upon the lots, pieces and parcels of land benefited by the said improvement as to which the original judgment of confirmation had been set aside by order of court, as aforesaid, and should be so spread that each of said lots, pieces and parcels of land should be charged with its proportionate share of the actual cost of the said improvement, not in excess, however, of the amount it is specially benefited by the construction of said improvement, and that due regard should be given to whatever payments have been made by the owner or owners of said property.

Section 1 of said ordinance annulled the former assessment, and directed the corporation counsel of the city of Chicago to procure the vacation of said orders of

confirmation.   Section 2 provided that a new special as-
sessment be made and levied, as hereinafter specified,
for the amount remaining due and unpaid for the work
already done in good faith under said original ordinance.
Section 3 provided that the unpaid balance of the cost of
said improvement constructed under said original ordi-
nance and under said contract, which, in the ordinance,
is found to be $9574.67, be paid for by special assess-
ment to be levied upon the property specially benefited
thereby, to the amount that the same may be legally as-
sessed therefor, the remainder of said cost to be paid by
general taxation, in accordance with the statute in such
case made and provided.   Section 4 provided that the
special assessment provided for in that ordinance should
be payable and collectible in one installment.

Thereafter the court appointed three commissioners
to make an assessment of the cost of the improvement,
in accordance with the provisions of the City and Village
act of 1872, and thereafter the said commissioners duly
returned their assessment roll in court.   Thereafter the
said cause came on to be duly heard, appellants having
filed objections to the said proceeding, and as to their
property an order was entered on the 25th day of Jan-
uary, 1904, overruling all legal objections, and a trial
before the court, a jury being waived, was had on the
question of benefits, and the court, after hearing the
evidence and arguments of counsel, entered an order re-
ducing the assessments as to certain lots of objectors,
and thereupon entered judgment of confirmation as to
objectors' property as so reduced.

The only testimony heard in the case upon the legal
objections was that offered on behalf of the objectors in
support of the objection that the original ordinance cre-
ated a monopoly.   Counsel for appellants testified that
in the original case, after the cause had been remanded
and re-docketed and before the passage of the supple-
mental ordinance providing for the payment of the un-

paid balance of the cost of said improvement, evidence was introduced which tended to show that said Pitch Lake, in the island of Trinidad, referred to in the ordinance, was, when said ordinance was passed and at the time of said hearing, the private property and under the absolute control of the Barber Asphalt Paving Company, a private corporation having its principal office in the city of Chicago, and that other firms in the city of Chicago were in the market and ready to furnish asphaltum from the island of Trinidad, but not from Pitch Lake, that was not controlled by a monopoly. The witness stated that he had no personal knowledge of the facts to which he testified, but that such was the substance and effect of the testimony given on the former trial. This evidence was objected to by appellee but the objection overruled. It is now urged by appellants that the judgment entered upon the re-docketing of the cause, after the same was remanded by this court, constitutes *res judicata* of the issue now presented, that said original ordinance did create or foster a monopoly, and this proceeding, being based upon a void ordinance, is also void. In this we think counsel is in error. The original appeal to this court was upon the ground that the original ordinance of 1893 was invalid. The ground upon which it was then attacked was that it did not sufficiently describe the flat stones, and it is now insisted that upon the remanding and re-docketing of the cause appellants were entitled to further attack the validity of the same original ordinance which, upon the other appeal, this court had passed upon. We think not. It is a well settled rule that when a cause is litigated and that litigation prosecuted to a court of appeals and passed upon, all questions that were open to consideration and could have been presented, relating to the same subject matter, are *res judicata*, whether they were presented or not. In other words, and as applied to the case at bar, the validity of the original ordinance of 1893 was

attacked upon the first appeal upon the ground that it did not sufficiently describe the improvement. When the cause was re-docketed the validity of the same ordi-·nance was attacked upon another ground. This we think cannot be done. When the validity of the original ordinance was attacked at the first hearing, all the grounds of objection as to the validity of the ordinance should have then been presented, and not having been then presented could not be presented afterwards or now. To hold that. in the trial of a cause the constitutionality of a law or the validity of an ordinance may be attacked upon one ground and an appeal prosecuted and a decision of a court of review had upon that question, and when the cause is remanded and again placed upon the docket the same statute or ordinance may be attacked upon another ground requiring another appeal to determine the validity of the same ordinance in the same proceeding, is a practice that cannot be permitted to obtain. Litigation would never end and a court would never know when it had settled the propositions in a single case. It is true, as appellants contend, that when a cause is remanded generally, as was this case, the pleadings may be amended and new issues may be raised, but only such new issues can be raised as the amendments made in the pleadings, after the remandment, present. So far as the ordinance here involved is concerned, no change was made in its status by the remanding order or by anything, done by appellee that called for a new or different set of objections than those that could have been interposed, and ought to have been, if ground for them existed, when the issues were first made up in the court below. This court held that the ordinance was insufficient. It is true that the language used in the opinion is that the ordinance is invalid; but the opinion in that case must be read in the light of numerous other opinions since rendered upon the same question, wherein it is held that an ordinance containing the defects complained

of in that ordinance was not void or invalid, as there said, but was defective or insufficient to sustain the assessment. (*Kuester* v. *City of Chicago,* 187 Ill. 21; *Foss* v. *City of Chicago,* 184 id. 436; *City of Chicago* v. *Hulbert,* 205 id. 346.) When the opinion in the former case was filed and the cause remanded there was no ground or occasion for further objection to the ordinance. It had been held insufficient by this court. Nor was the subsequent judgment dismissing the petition filed under the act of 1897 when it should have been filed under the act of 1872, a bar to this proceeding. It was a proceeding not authorized by law, and as such was properly dismissed by the order of the county court, and could not be *res judicata* of a proceeding properly brought under the statute of 1872 under an ordinance authorized by law.

In its main features the case at bar is so similar to *City of Chicago* v. *Hulbert, supra,* that we think that case disposes of most of the contentions in this case.

It is further contended that the present proceeding should be quashed or the petition dismissed for the reason that the laws of 1872 required that the proceeding under the supplemental petition, as provided in section 46 of said act, should be made and returned and like notice and proceeding had as required by said act for the first or original assessment, and it is pointed out that the original act, preliminary to the passing of the ordinance, required that three commissioners be appointed by the city council to make an estimate of the cost; that in the case at bar the city council did not appoint three commissioners to make an estimate of the deficit to be raised by the new assessment, but that the council found the amount thereof in its ordinance without having had proper information or authority so to do. The work was done and accepted and bonds and interest-paying vouchers issued in payment therefor. No estimate of the cost was necessary, as no work was to be estimated. The only thing that was to be determined was the amount of

the outstanding bonds and orders and the interest upon the same, and we think the city council,—the legislative and controlling authority of the city,—had knowledge thereof; and that it was a mere matter of computation to determine the deficit. Substantially the same question as here raised was presented and passed upon in *Gorton v. City of Chicago*, 201 Ill. 534, and it was said (p. 539): "The city is not expected, under a new assessment, to perform unnecessary acts. The work having been already completed, an estimate of the cost thereof was not necessary to be made. That fact was known."

It is further contended that the estimate placed in the ordinance and fixed by the city council is greater than the amount due, and that the levy, as fixed by the ordinance, was excessive. This argument is founded upon appellants' interpretation of a fiscal statement which is introduced in evidence. We have examined the same and are unable to say that the trial court reached a wrong conclusion upon that matter. The statement offered in evidence, when carefully examined, we think supports the finding in the ordinance as to the amount due.

The last contention is that interest should not have been allowed, and the *Hulbert case, supra*, is relied upon as authority for the contention. The facts relating to the question of interest were entirely different in that case. The orders there issued were non-interest bearing orders, but because of a number of years' delay the city thought it equitable to pay the contractor interest, and we held that as the vouchers were not interest bearing there was no authority on the part of the city to pay the debt with interest. In the inclusion of interest there was no error. In fact, we find no sufficient error in the case to warrant a reversal, and the judgment of the county court is affirmed.                *Judgment affirmed.*