## HENRY H. GAGE*

### *v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. SPECIAL ASSESSMENTS—*when compliance with provisions of the Improvement act of 1897 is not essential.* Where special assessment proceedings were pending in a court of this State at the time the Local Improvement act of 1897 took effect, all future proceedings in the cases, including supplemental assessments, are governed by the laws existing prior thereto, and the provisions of the latter act not embodied in the former ones need not be complied with.

2. SAME—*when a judgment sufficiently describes property and amount due.* A judgment and order of sale for a delinquent special

*Consolidated case, being Nos. 4507 and 4516.

assessment sufficiently describes the property and the amounts due which refers to an attached schedule, which is made a part of the order and which sets forth such descriptions and the amounts due.

3. SAME—*what is not an improper inclusion in a judgment.* A judgment and order of sale covering the special assessment, "printer's fees and costs," instead of "interest, penalties and costs," does not authorize a double recovery of printer's fees, as being specifically provided for and also included in the general term "costs."

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

ROBERT REDFIELD, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an application by the county treasurer and *ex officio* collector of Cook county for judgment and order of sale for two delinquent special assessments levied for the paving of Hamburg street and Bonney avenue, in the city of Chicago. Henry H. Gage filed objections to the application because of the failure to comply with sections 42, 61 and 84 of the Local Improvement act of June 14, 1897, which the court overruled and rendered judgment and order of sale, to which appellant duly excepted and by his appeal brings the judgment of the county court into review in this court.

A proceeding was commenced in 1896, under the laws then in force, for the purpose of levying and collecting a special assessment for the paving of Hamburg street and subjecting the same property that is here involved to the payment of said improvement. The final judgment was entered February 13, 1896, and a writ of error was sued out from this court to the county court of Cook county, which resulted in a judgment reversing and remanding said cause March 12, 1901. (*Boyd* v. *City of Chicago,* 187 Ill. 115.) The

225—10

cause was re-docketed in the court below, and on May 13, 1901, an order was entered vacating the judgment. A supplemental petition for a new assessment was filed December 24, 1901, based on an ordinance passed December 16, 1901. The assessment roll was filed May 10, 1902, and judgment entered thereon January 19, 1903, and a warrant certified to the collector February 28, 1905. As to the pavement on Bonney avenue the original petition was filed June 23, 1893. The objections were overruled and judgment entered April 15, 1898. An appeal was prosecuted from the judgment and the same was reversed February 2, 1900. A supplemental petition was filed December 24, 1901, and objections sustained thereto January 30, 1903. A second supplemental petition was filed September 22, 1903, and final judgment entered thereon January 25, 1904, which judgment was affirmed on appeal June 23, 1904. (211 Ill. 183.) There was no attempt in either proceeding to comply with sections 42, 61 and 84 of the law of 1897, and the principal question is whether these sections have any application to the proceedings.

Section 99 of the act of 1897 (Hurd's Stat. 1903, p. 415,) provides: "All acts, and parts of acts, in conflict with this act, are hereby repealed: *Provided,* that the laws subsisting at the time of the taking effect of the Local Improvement act of June 14, 1897, shall continue to apply to all proceedings for the condemnation of land, or the confirmation of special assessments or special taxes for local improvements which were pending in any court in this State at the time of the taking effect of the Local Improvement act of June 14, 1897, and to all proceedings for the collection of any deficiency under past levies already made under any laws existing at the time of the taking effect of the Local Improvement act of June 14, 1897; and also to all proceedings for new assessments made in lieu of others annulled before the act concerning local improvements of June 14, 1897, took effect, by order of some court. When any installment of an

assessment confirmed under prior acts shall mature, proceedings to return the same delinquent, and to collect the same shall conform to the provisions of this act. Where proceedings for local improvements to be made by special tax or special assessment, shall have been instituted, when this act shall take effect, and where the assessment provided for therein has not been confirmed by any court, all future proceedings thereunder shall be as herein provided, with the same effect as if such proceedings had been commenced in accordance with the provisions herein provided."

The Bonney avenue assessment was pending in the county court on June 14, 1897. The Hamburg street assessment had been confirmed prior to that date, but the judgment of confirmation was subsequently reversed by this court on writ of error. The record is silent as to whether the writ of error was sued out prior to June 14, 1897, or subsequent to that date, but in determining the question before us that fact is immaterial. We think the record sufficiently shows that both of the special assessment proceedings were at the time of the taking effect of the act of June 14, 1897, pending in a court of this State, as provided in section 99, and therefore all future proceedings were to be governed by the law in existence prior to that date, and it was therefore not necessary for the appellee to comply with sections 42, 61 and 84 of the act of 1897.

It is insisted by appellant that the judgment and order of sale entered herein was not in compliance with section 191 of the Revenue act, for the reason that it was entered on the general record of the county court and made no reference to the tracts of land, and the sums annexed to each, sufficiently to identify the same. Section 191 provides substantially the form in which the judgment shall be entered. The judgment recites that judgment be entered against the tracts or lots of land, or parts of tracts or lots, as the case may be, as described in the objections filed and as set forth in the attached schedule, which is made a part of the order,

for the sum annexed to the description of each, being the amount due, etc. We think the judgment as entered sufficiently described the property and the amount due, in compliance with the requirement of the statute.

It is next objected that the judgment and order of sale covers the special assessment, printer's fees and costs, instead of the special assessment, interest, penalties and costs, as provided in section 191, *supra.* It is insisted that printer's fees are not mentioned in the statute, and hence it is an unauthorized departure from the statute and would allow a double recovery of printer's fees,—once under the term "printer's fees," and again under the term "costs." We think this contention is exceedingly technical. It certainly would not be claimed that a judgment for printer's fees could, under this order, be charged against appellant's property twice. The term "printer's fees" would naturally be included in the term "costs," and the mere fact that it was repeated in the order would be of no force and effect against appellant. *Gage* v. *People,* 219 Ill. 369.

The further objection is made that there were two judgments rendered in this case,—one on August 3 and another on August 5, 1905. Upon an inspection of the record we find this a misapprehension. Only one judgment was, in fact, intended. It is true that in the certificate of the clerk it is recited that a judgment was rendered on the fifth of August, 1905, while the judgment in the record is dated August 3. This is merely a mistake of the clerk and has no effect whatever upon the judgment as rendered.

We find no reversible error, and the judgment of the county court will be affirmed.          *Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.